UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wilkens Philius,                                         Case No.  1:11 CV 1500

                              Petitioner,               MEMORANDUM OPINION
                                                        AND ORDER

        -vs-

Eric Holder, et al.,                                    JUDGE JACK ZOUHARY

                              Defendants.

## INTRODUCTION

*Pro se* Petitioner Wilkens Philius filed this action for Writ of Habeas Corpus under 28 U.S.C.

§ 2241 against Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano,

United States Field Office Director for the Northern District of Ohio Rebecca Adducci, and the

Sheriff of Bedford Heights Jail (Doc. No. 1).  Petitioner alleges his imprisonment violates the

Constitution.  He seeks immediate release from confinement and an order enjoining his deportation.

For the foregoing reasons, the Petition is denied.

## BACKGROUND

Petitioner was admitted to the United States as a Cuban-Haitian entrant, classification CH6,

in June 1980 (Doc. No. 1-2 at 2).   In September 2007, Petitioner was convicted of fraud under 18

U.S.C. § 1029(a)(5) and aggravated identity theft under 18 U.S.C. § 1028A (Doc. No. 1-1 at 2).  The

judgment entered against Petitioner included restitution in the amount of $41,651 (Doc. No. 1-1 at

4).

In November 2009, an Immigration Judge ("IJ") found Petitioner removable pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") because he committed an "aggravated felony" (Doc. No. 1-1 at 2).  Under the INA, an aggravated felony includes "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  8 U.S.C. § 101(a)(43)(M)(i).  During his individual hearing before the IJ in April 2010, Petitioner withdrew all applications for relief and was ordered removed (Doc. No. 1-1 at 2).  In May 2010, the IJ granted Petitioner's Motion for Reconsideration, finding the Department of Homeland Security ("DHS") failed to submit  any evidence documenting how restitution was calculated (Doc. No. 1-1 at 5).  The IJ concluded Petitioner was not removable because DHS could not show Petitioner met the definition of an aggravated felony under Section 101(a)(43)(M)(I).  Accordingly, the April 2010 decision ordering Petitioner removed was vacated (Doc. No. 1-1 at 5).

In June 2010, the U.S. Immigration and Customs Enforcement ("ICE") sent Petitioner a notice to appear for Additional Charges of Inadmissibility/Deportability (Doc. No. 1-3 at 2). Pursuant to Section 237(a)(2)(A)(ii) of the INA, Petitioner was subject to deportation for conviction on "two crimes involving moral turpitude and not arising out of a single scheme of criminal misconduct" (Doc. No. 1-3 at 2).  Petitioner was advised of his rights and that a hearing would be scheduled to address the charges against him.  Regarding his right to representation, the Notice (Doc. No. 1-3 at 3) provided:

> If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with

-2-

this Notice.

The hearing was held in November 2010. At that hearing, the IJ ordered Petitioner's removal. Petitioner appealed to the Board of Immigration Appeals ("BIA"). His appeal was denied (Doc. No. 1-4 at 2). Petitioner was informed in a June 2011 letter from the ICE Office of Detention and Removal Operations that if Petitioner was not removed by September 15, 2011, jurisdiction over his custody decision would be transferred to the Headquarters Post Order Unit ("HQPDU") for final determination (Doc. No. 1-4 at 2). The record does not include the decisions from the November hearing or the appeal. The Petition before this Court followed.

### DISCUSSION

This matter is before the Court for initial screening. 28 U.S.C. § 2243. At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his Petition is held to "a less stringent standard than those prepared by an attorney." *Id.*

Petitioner raises eight grounds for relief: (1) double jeopardy; (2) lack of subject matter jurisdiction; (3) detention beyond the reasonable six-month period; (4) miscalculation of the removal period; (5) violation of substantive due process; (6) violation of right to procedural due process; (7) mandatory detention is inappropriate; and (8) inability to secure travel documents (Doc. No. 1 at 3–7). Petitioner asks this Court to assume jurisdiction, find his continued detention unlawful, grant his writ of habeas corpus, order injunctive relief preventing his further detention, and dismiss the charges of removability.

**Final Order of Deportation**

Petitioner's double jeopardy, subject matter jurisdiction, substantive and procedural due

-3-

process claims all attack his final deportation order. This Court lacks jurisdiction to review

Petitioner's challenge to the final order of removal under which he is confined.  Federal appellate

courts are the "the sole and exclusive means for judicial review" of most administrative orders of

removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5).  Therefore, this Court lacks

jurisdiction over any challenge Petitioner raises regarding his final order of deportation and the

Sixth Circuit is the appropriate authority to review Petitioner's removal order.

**Reasonable Detention**

An alien found removable under 8 U.S.C. § 1227(a)(2), such as Petitioner, "may be

detained beyond the removal period." 8 U.S.C. § 1231(a)(6).  In *Zadvydas v. Davis*, the

Supreme Court held immigration officials cannot indefinitely detain an alien subject to a final

order of removal.  533 U.S. 678, 690 (2001).  Rather, an alien's post-removal period of detention

is limited to a "period reasonably necessary to bring about that alien's removal from the United

States." *Id.* at 689.  The Court went on to hold that it is presumptively reasonable to keep an

alien subject to a final removal order in custody for a total of six months.  *Id.* at 701.

Petitioner concedes his final order of removal was on March 15, 2011, the date the BIA

denied his appeal.  From that date, until the date he filed the Petition in this Court, Petitioner had

been detained only four months.  This does not reflect an unreasonably long period of detention

under *Zadvydus*.  Petitioner is not entitled to habeas relief at this time.

Effective September 15, 2011, any decision regarding Petitioner's continued detention

rests with the HQPDU (Doc. No. 1-4 at 2).  If Petitioner seeks to challenge his continued

detention from that date forward he may file a Petition with the HQPDU requesting  release

under 8 C.F.R. § 241.13.

-4-

## CONCLUSION

For the foregoing reasons, the Petition is dismissed, pursuant to 28 U.S.C. §2243, without prejudice to any action Petitioner may pursue with HQPDU.  Petitioner's Motion for Appointment of Counsel is denied as moot (Doc. No. 2).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good  faith.

IT IS SO ORDERED.

 s/Jack Zouhary
JACK ZOUHARY
U. S. DISTRICT JUDGE
November 10, 2011